## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| FEMI D. FATUSIN | ) | |
| | ) | |
| Plaintiff | ) | Case No.   0:20cv61923 |
| | ) | |
| vs. | ) | |
| | ) | |
| BELLSOUTH TELECOMMUNICATIONS, LLC, D.B.A. AT&T Florida; COMMUNICATION WORKERS OF AMERICA and CWA LOCAL 3104 | ) ) ) ) ) | |
| Defendants | | |

## COMPLAINT

FEMI D. FATUSIN ("Plaintiff") who by and through the undersigned counsel files this Complaint against BELLSOUTH TELECOMMUNICATIONS, LLC, D.B.A. AT&T Florida ("BellSouth") for Breach of Collective Bargaining Agreement and COMMUNICATION WORKERS OF AMERICA, the national representatives and CWA LOCAL 3104 (collectively the "CWA") for Breach of Duty of Fair Representation in a dual action as per 29 U.S.C. section 185, Section 301(a) of Labor Management Relations Act ("LMRA") and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and specifically under the LMRA.

2. This action is also brought by Plaintiff against CWA, for breach of their duty of fair representations owed to Plaintiff under Section 8 of the National Labor Relations Act 29 U.S.C. §185.  CWA are the exclusive bargaining representatives of certain employees, including the Plaintiff, for positions held at BellSouth and thus owe a duty of fair representation.

3. Venue for this action lies in the United States District Court for the Southern District of Florida, the district where the claim arose, 28 U.S.C. §1391(b) The United States District Court for the Southern District of Florida is deemed to have jurisdiction over a labor organization in the district in which such organization maintains its principal office (Local 3104) or in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members. 29 U.S.C. §185(c).

4. Venue is further proper for the United States District Court for the Southern District of Florida because: (i) Plaintiff was employed in the Southern District of Florida by Defendant BellSouth, which at all material times conducted, and continues to conduct, business in the Southern District of Florida; (ii) the acts that gave rise to Plaintiff's claims occurred within the Southern District of Florida pursuant to 42 U.S.C. Sect. 2000e-5(f)(3) and 42 U.S.C. Sect. 1391 "b" and "c"; and (iii) the Defendants are subject to jurisdiction there.

**PARTIES**

5. Plaintiff, FEMI D. FATUSIN, is and was for all relevant times referenced herein a resident of Broward County, Florida.

6. BELLSOUTH TELECOMMUNICATIONS, LLC, D.B.A. AT&T Florida is a corporation organized and existing under the laws of Georgia whose principal address is One CNN Center, 1424C, Atlanta, GA 30303 and all times material, conducted a continuous business in the Southern District of Florida and is subject to the laws of the United States and of the State of Florida.

7. COMMUNICATION WORKERS OF AMERICA, the national representatives and Communication Workers of Americ, Local 3104, their collective bargaining representatives are unincorporated labor organizations in the LMRA Section 502(3) and are exclusive

bargaining representatives of certain employees, including the Plaintiff's position held as Defendant BellSouth ("CWA"). CWA maintains local offices in the Southern District of Florida in Broward and Miami-Dade Counties.

## CONDITIONS PRECEDENT

8. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

9. Plaintiff was notified by letter from Sara Steffens of the CWA dated March 24, 2020 that all of his internal appeals in the CWA were exhausted.

## FACTUAL ALLEGATIONS

10. Defendants BellSouth and CWA are parties to a collective bargaining agreement (the "CBA"), a true and correct copy of which is attached hereto as Exhibit A.

11. Plaintiff was employed by BellSouth as a Wire Technician in Sunrise, Florida from July 15, 2015 to February 12, 2019.

12. At all times material hereto, Plaintiff was qualified for his position as a Wire Technician.

13. At all times material hereto, Plaintiff was a member of the CWA and paid his dues without complaint.

14. Plaintiff worked for BellSouth for approximately 3.5 years.

15. During Plaintiff's employment with BellSouth, he was a competent, knowledgeable and hardworking employee.

16. During Plaintiff's employment with BellSouth he was supervised by Christopher Biggs.

17. On February 12, 2019, Plaintiff was terminated from his employment from BellSouth for alleged misconduct for his failure to follow BellSouth company policy.

18. The company policy the Plaintiff allegedly failed to follow was not calling his supervisor if he was going to be on a job longer than 2.5 hours.

19. The company has no policy that a Wire Technician must call his supervisor if he was going to be on a job longer than 2.5 hours.

20. On January 15, 2020, the manager of network operations did ask his employees to contact him if an employee was going to be on a job longer than 2.5 hours.

21. From January 15, 2020 to February 12, 2020, the Plaintiff contacted his supervisor, the manager of network operation, each and every time he was on a job that exceeded 2.5 hours.

22. Specifically, on January 28, 2019, the Plaintiff did contact his supervisor regarding two installation/repair jobs and informed him that those jobs were going to exceed 2.5 hours.

23. From January 15, 2020 to February 12, 2020, BellSouth employees Charves Bucknor, Luis Lemonnier, Dwain McCalla and Alfredo Romero did not call each and every time they were on a job that exceed 2.5 hours.

24. In spite of the Plaintiff contacting his supervisor each and every time he was on a job that exceed 2.5 hours, he was terminated.

25. Curiously, neither Charves Bucknor, Luis Lemonnier, Dwain McCalla nor Alfredo Romero were terminated from their employment with BellSouth.

26. Upon information and belief, neither Charves Bucknor, Luis Lemonnier, Dwain McCalla nor Alfredo Romero were disciplined in any way for their failure to contact the supervisor each and every time they were on a job that exceed 2.5 hours.

27. Plaintiff's termination on February 12, 2019 was without just cause.

28. Plaintiff promptly filed a grievance as required in the CBA.

29. The grievance process fully completed but the CWA failed file for arbitration on behalf of the Plaintiff.

## COUNT I
## BREACH OF COLLEGTIVE BARGAINING AGREEMENT
### (as to BellSouth)

30. Plaintiff re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff and Defendant BellSouth agreed that Plaintiff would only be terminated with just cause, per Section 11.02 of the CBA and to not be adversely affected due to race as a Black or other protected categories, per Section 30.03 of the CBA.  See Exhibit A.

32. Defendant breach the agreement by:

    a. Terminating the Plaintiff without just cause; and

    b. Terminating the Plaintiff due to his race as Black.

33. Specifically, BellSouth terminated the Plaintiff for a violation of a policy namely for the Plaintiff's failure to contact his supervisor if a job was to exceed 2.5 hours but the company has no such policy therefore the Defendant breached the CBA by and through its failure to terminate the Plaintiff for just cause.

34. Moreover, Bellsouth further violated the CBA by treating the Plaintiff differently from other similarly situated employees but terminating him and not disciplining any other employees in any way due to the Plaintiff's race in violation of Section 30 of the CBA.

35. All conditions precedent in order to maintain this action have been fulfilled by Plaintiff and or waived by Defendant BellSouth and or CWA.

36. The terms of the agreement breached are material to the parties' agreement.

37. As a direct and proximate result of the breaches by Defendant BellSouth, the Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests this honorable Court that judgment be entered in his favor, he be awarded compensatory damages against Defendant BellSouth, reinstatement and back

pay pursuant to Section 11.02 of the CBA and for interest, costs and attorney's fees and all such other relief as this Court deems just and proper.

## COUNT II
## BREACH OF DUTY OF FAIR REPRESENTATION
### (as to CWA)

38. Plaintiff re-alleges paragraphs 1 through 29 as if fully set forth herein.

39. Plaintiff exhausted all of his internal CWA appeal procedures.

40. The CBA requires that the CWA fairly represent Plaintiff at any and all Grievances filed by the Plaintiff.  See Article 21 of Exhibit A

41. Plaintiff was denied relief sought during the CWA appeal procedures, the latest being on or about March 24, 2020.

42. Defendant CWA owed a duty of fair representation to the Plaintiff pursuant to the CBA and pursuant to 29 U.S.C. § 158(b).

43. During the grievance process Defendant CWA breached it duty to Plaintiff to act fairly on his behalf when dealing with the employer Defendant BellSouth by and through its failure to:

    a. Adequately investigate and present the facts;

    b. Properly follow the grievance process;

    c. Include grievances for all rights and remedies available to Plaintiff;

    d. Appeal with the procedures of the grievance process; and

    e. File an arbitration pursuant to Section 23.01 of the CBA.  See Exhibit A.

44. As a direct and proximate result of CWA breaching its duty of fair representation, Plaintiff was damaged.

WHEREFORE, Plaintiff respectfully requests this honorable Court that judgment be entered in his favor, he be awarded compensatory damages against Defendant CWA, reinstatement, back pay

and for interest, costs and attorney's fees and all such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED this 21st day of September, 2020.   Respectfully submitted,

/s/ *Neil Bryan Tygar*
Neil Bryan Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
 Femi D. Fatusin
Bar No. 0911100
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:   (561) 455-0280
Facsimile:   (561) 455-0281
Email:       ntygar@me.com